Mark S. Askanas (State Bar No. 122745)
Rebecca Benhuri (State Bar No. 209443)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California  94105
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
askanasm@jacksonlewis.com
benhurir@jacksonlewis.com

Attorneys for Defendant
CERTAINTEED CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA- FRESNO

| | |
|---|---|
| EDDIE HOLTZCLAW,<br><br>        Plaintiff,<br><br>   v.<br><br>CERTAINTEED CORPORATION and DOES 1 through 50, inclusive<br><br>        Defendants. | Case No.  1:09-CV-01599-GSA<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**<br><br>Removal Filed:   September 9, 2009<br>Trial Date:        April 18, 2011 |

Subject to the approval of this Court, CERTAINTEED CORPORATION ("CERTAINTEED" or "defendant") and EDDIE HOLTZCLAW ("Plaintiff") (collectively "the Parties") hereby stipulate to the following confidentiality provisions:

1.     Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

2.     In connection with discovery proceedings in this action, the Parties may stipulate to designate any document, thing, material, testimony or other information derived therfrom, as

"Confidential" under the terms of this Stipulation (hereinafter "Stipulation").  Said stipulations shall be in writing or on the record in deposition or at trial.

3. The Parties acknowledge that this Stipulation does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

4. Confidential documents shall be so designated by stamping copies of the document produced to a Party with the legend or stamp "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise expressly indicated by the Producing Party or Designating Party.  Only documents so designated shall be deemed Confidential for purposes of this Stipulation.  Material designated as confidential under this Stipulation, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. The Parties agree that the Confidential Material set forth above shall include, but not necessarily be limited to, (a); proprietary, trade secret, financial, and other non-public information related to the operations of CERTAINTEED; (b) Plaintiff's medical records; and (c) information relating to CERTAINTEED employees other than Plaintiff, none of whom have waived their constitutional and statutory rights of privacy, guaranteed under the California Constitution, the United States Constitution, and applicable case law, statutes, and regulations.  By so agreeing, however, CERTAINTEED does not waive protections limiting the timing and extent of discovery into a Defendant's financial status and condition, or any other protections under applicable laws.

6. Confidential Material produced or subpoenaed or otherwise obtained from any source, pursuant to this Stipulation, may be disclosed or made available only to the Court, to counsel for a Party (including the paralegal, clerical, and secretarial staff employed by such

counsel), and to the "qualified persons" designated below:

  (a) a Party, or an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

  (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action, provided such experts, consultants and staff are first provided with a copy of this Stipulation and agree in unity to be bound by the terms and conditions of this Stipulation;

  (c) court reporter(s) employed in this action;

  (d) a witness at any deposition, or other proceeding in this action if approved by the Court at trial; and,

  (e) any other person as to whom the parties in writing agree.

  Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Stipulation and agree to maintain the confidentiality of the information. Should either current or former employees of CERTAINTEED refuse to agree to maintain the confidentiality of information, and thus violate this court's order herein, such refusal(s) cannot foreclose or limit plaintiff's ability to depose any such persons fully, including the use of material designated as confidential, despite the deponent's refusal, for whatever reason, to abide, and be bound, by the stipulation and/or Order thereon.

  7. If timely corrected, an inadvertent failure to designate qualified information or documents as confidential does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation for such material. If information or material is appropriately designated after it was initially produced or obtained, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulation.

  8. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original

1  designation is disclosed.

2      9.    A Party who elects to initiate a challenge to a Designating Party's confidentiality
3  designation must do so in good faith and must begin the process by conferring directly with
4  counsel for the Designating Party.  In conferring, the challenging Party must explain the basis
5  for its belief that the confidentiality designation was not proper and must give the Designating
6  Party an opportunity to review the designated material, to reconsider the circumstances, and, if
7  no change in designation is offered, to explain the basis for the chosen designation. A
8  challenging Party may proceed to the next stage of the challenge process only if it has engaged
9  in this meet- and-confer process first.

10     10.    A Party who elects to press a challenge to a confidentiality designation after
11 considering the justification offered by the Designating Party may file and serve a motion under
12 the applicable Rules of Court that identifies the challenged material and sets forth in detail the
13 basis for the challenge.  Each such motion must be accompanied by a competent declaration that
14 affirms that the movant has complied with the meet-and-confer requirements imposed in the
15 preceding paragraph and that sets forth with specificity the justification for the confidentiality
16 designation that was given by the Designating Party in the meet-and-confer process.  The
17 burden of proof in any such challenge proceeding shall be on the Designating Party. Until the
18 Court rules on the challenge, all parties shall continue to afford the material or documents in
19 question the level of protection to which it is entitled under the Producing Party's designation.

20     11.    The following definitions apply to the terms as they are used herein:

21     <u>Party</u>: any party to this action, including all of its officers, directors, employees,
22 consultants, and outside counsel (and their support staff).

23     <u>Disclosure</u>:   all items or information, regardless of the medium or manner generated,
24 stored, or maintained (including, among other things, testimony, transcripts, or tangible things)
25 that are produced or generated in disclosures or responses to discovery in this matter.

26     <u>Receiving Party</u>:  a Party that receives information or material designated as confidential
27 from a producing party.

28     <u>Producing Party</u>: a Party or non-party that produces information or material designated as

confidential in this action

<u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery information or material designated as confidential under this Stipulation.

<u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

<u>Counsel</u> (without qualifier): Outside Counsel, as well as In-house Counsel and attorneys who are employees of a Party (as well as their support staff).

<u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

<u>Professional Vendors</u>: persons or entities who provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits, or demonstrations; organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

12. Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate. This applies, but is not limited to, information disseminated pursuant to the Public Records Act.

13. In the event that any Confidential Material is used in any court or judicial proceeding in this action, it shall not lose its confidential status through such use.

14. This Stipulation shall be without prejudice to the right of the Parties to bring before the Court at trial the question of whether any particular document or information should retain its confidential status or be assigned confidential status.

15. All Parties who may be added or who may join the litigation after execution of

1  this Stipulation shall agree in writing to its terms or be deemed non-parties for purposes of this
2  Stipulation.

3       16.    Nothing in this Stipulation, nor the production of any information or document
4  under the terms of the Stipulation, nor any proceedings pursuant to this Stipulation, shall be
5  deemed to have the effect of an admission or waiver by either Party or of altering the
6  confidentiality or non-confidentiality of any such document or information.

7       17.    This Stipulation shall survive the final termination of this action, to the extent
8  that the information contained in Confidential Material is not or does not become known to the
9  public, until a Designating Party agrees otherwise in writing or a court Stipulation otherwise
10 directs.  The Court at trial shall retain jurisdiction to resolve any dispute concerning the use of
11 information disclosed hereunder.  Upon termination of this case, upon written request, counsel
12 for the Parties shall assemble and return to each other all documents, material and deposition
13 transcripts designated as confidential and all copies of same, or shall certify destruction thereof,
14 unless (a) the Court has removed the designation of confidential in response to a challenge or
15 (b) the information has been made public during the trial.

16      18.    By stipulating to the entry of this Protective Order no Party waives any right it
17 otherwise would have to object to disclosing or producing any information or item on any
18 ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to
19 object on any ground to use in evidence of any of the material covered by this Protective Order.

20      19.    Upon signing of this Stipulation, the signing Party and his/her/its counsel are
21 bound by its terms notwithstanding any delay that may result in the Court's final adoption or
22 execution of this Order, or refusal by the Court in the adoption of this Order.

23 \\\
24 \\\
25 \\\
26 \\\
27 \\\
28 \\\

**IT IS SO STIPULATED.**

Dated:  May 13, 2010                                          JACKSON LEWIS LLP


By:     _____/s/ Mark S. Askanas_____
        Mark S. Askanas
        Rebecca Benhuri
        Attorneys for Defendant
        CERTAINTEED CORPORATION


Dated:  May 13, 2010                                          LAW OFFICES OF ERIC P. OREN, INC.


By:     ____/s/ Eric P. Oren _____
        Eric P. Oren
        Attorneys for Plaintiff
        EDDIE HOLTZCLAW

## **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED that the attached Stipulated Confidentiality And Protective Order submitted by Defendant CERTAINTEED CORPORATION and Plaintiff EDDIE HOLTZCLAW is granted.


DATED:  May 13, 2010                                          /s/ Gary A. Austin
                                                              Hon. Gary S. Austin
                                                              U.S. Magistrate Judge