**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDIE HOLTZCLAW, | ) | 1:09-cv-1599 GSA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION TO STRIKE JURY TRIAL |
| CERTAINTEED CORPORATION, | ) | (Document 20) |
| and DOES 1 through 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

**I.  Introduction**

On June 11, 2010, Defendant, CertainTeed Corporation ("Defendant") filed a motion to strike Plaintiff's jury trial. (Docs. 20-23). On July 1, 2010, Plaintiff, Eddie Holtzclaw ("Plaintiff"), filed an opposition to the motion. (Doc. 29). Defendant filed a Reply on July 8, 2010. (Doc. 31). Based on a review of the pleadings, the Court determined that the matter was suitable for decision without oral argument pursuant to Local Rule 230(g). The hearing set for July 16, 2010 at 9:30 am was vacated. Upon consideration of the pleadings, Defendant's Motion to Strike Plaintiff's Jury Trial is GRANTED.

**II. Background**

On July 10, 2009, Plaintiff filed a complaint in the Madera County Superior Court against his former employer CertainTeed Corporation, alleging various violations of the California Fair Employment and housing Act ("FEHA"), Cal. Gov. Code § 12940 *et seq*, including age

1

1 discrimination, disability discrimination, failure to accommodate disability, and failure to engage
2 in good faith interactive process. (Doc. 1, pgs. 8-28). Plaintiff also alleged causes of action for
3 wrongful termination in violation of public policy and retaliation. *Id.* Plaintiff's complaint did
4 not include a demand for jury trial. *Id.* On September 9, 2009, Defendant answered the
5 complaint and filed and served its Notice of Removal based on diversity jurisdiction. (Doc. 1,
6 pgs 29-34, and Doc. 2).

7 On November 12, 2009, the parties submitted their Joint Scheduling Report. (Doc. 9). In
8 this report, Plaintiff indicated that he had "filed a timely request for a jury trial." Defendant
9 indicated that it "[was] not requesting a jury trial." (Doc. 9 at pg. 10). Based on Plaintiff's
10 representation, on December 17, 2009, the Court issued a scheduling order and set the case for a
11 jury trial. (Doc. 15 at pgs. 1 and 10). No party moved to correct the scheduling order.

12 On June 11, 2010, Defendant filed the instant motion to strike Plaintiff's jury trial on the
13 basis that Plaintiff failed to timely request a jury trial pursuant to the Federal Rules of Civil
14 Procedure Rules 38 and 81. In opposition, Plaintiff argues that Defendant was aware that
15 Plaintiff intended to have a jury trial as evidenced by the filing and signing of the Joint
16 Scheduling Report. Plaintiff also argues that under California law, he was only required to
17 request a jury trial at the trial setting or the case management conference. Therefore, under Fed.
18 R. Civ. Procedure 81(c)(3)(A), he was not required to request a jury trial within 10 days.
19 Alternatively, Plaintiff argues that the Court should exercise its discretion under Fed. R. Civ. P.
20 39(b) and permit Plaintiff to have a jury trial.

21 **III.    Discussion**
22 A.      Defendant's Motion to Strike Plaintiff's Jury Trial
23          1.    *Time to File Jury Demand*
24 At the time Plaintiff filed the complaint, Federal Rule of Civil Procedure 38(b) stated:

> **Demand**. On any issue triable of right by a jury, a party may demand a
> jury trial by:
>
> 1) serving the other parties with a written demand - which may be included in a
> pleading - no later than 10 days after the last pleading directed to the issue is
> served; and

2

2) filing the demand in accordance with Rule (5)(d).
Fed. R. Civ. P. 38(b).[1]

Federal Rule of Civil Procedure 38(d) provides that the failure of a party to serve and file a demand as required by Rule 38 constitutes a waiver by the party of trial by jury. Fed.R.Civ.P 38(d).

Rule 38 applies to removed actions pursuant to Rule 81(c). Rule 81(c), in relevant part, provides as follows:

(1) Applicability. These rules apply to a civil action after it is removed from a state court.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(3) Demand for a Jury Trial

(A) *As Affected by State Law*. A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial.

(B) Under Rule 38. If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the parties serves a demand within 10 days after:

(i) it files a notice of removal; or
(ii) it is served with a notice of removal filed by another party.

In the instant case, Defendant filed its answer and served the Notice of Removal on Plaintiff on September 9, 2009. (Doc. 1). As Plaintiff's complaint did not include a jury demand and all necessary pleadings had been served, Plaintiff was required to file a jury demand within ten days of service of the Notice of Removal. Rule 81(3)(B)(i).[2] Accordingly, Plaintiff should have filed his jury demand by September 19, 2009. The first time Plaintiff referenced a jury trial was on November 16, 2009. The jury demand is therefore untimely. Failure to file within the

---

[1] This rule was subsequently revised on December 1, 2009.

[2] Effective December 1, 2009, Rule 81 was extended from ten to fourteen days. However, the new rule applies only to actions commenced after December 1, 2009, and to previously filed actions where just and practicable. It is neither just nor practicable to apply the new rule in this circumstance since Plaintiff did not timely request a jury trial under either rule.

3

time provided constitutes a waiver of the right to a jury trial. Fed.R. Civ. P. 38(d). The Court is unpersuaded by Plaintiff's argument that Defendant is now precluded from objecting to the jury trial because it failed to do so during the preparation and filing of the Joint Scheduling Conference Report. The rules are clear that it is the requesting party that has the obligation to demand a jury trial within a specified period. There is no time requirement within which an opposing party must bring a jury demand deficiency to the Court's attention, nor does failure to do so within a specific period waive the right to do so.

Similarly, Plaintiff's argument that California law does not require Plaintiff to make a demand for a jury trial in a pleading is misplaced. As acknowledged by Plaintiff, under California Code of Civil Procedure § 631(d) the right to a trial is waived by, " failing to announce that a jury is required at the time the case is first set for trial ..., or within five days after notice of setting if it is set without notice or stipulation." Cal. Code of Civ. Proc. § 631(d)(4). Plaintiff argues that because California law does not require Plaintiff to expressly demand a jury trial at the time of the filing of the complaint, Plaintiff was not required to make a demand for a jury trial after Defendant's removed the action.[3] However, Plaintiff misconstrues the reading of the federal rules.

Fed. R. Civ. P. 81 states, " [i]f the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." In California, an express demand for a jury trial is required, albeit later in the proceedings. The distinguishing factor that triggers the ten day time limit under Rule 81 is not the timing of when the request must be made, but it is the fact that an express demand for a jury trial is required under state law. Plaintiff's argument that the Joint Scheduling Report filed in this action timely met the demand for jury notice provisions under Rule 81 would require this Court to employ state law rather than the Federal Rules of Civil Procedure. This is clearly erroneous. Fed. R. Civ. P. §81(c) ("These rules apply to a civil action after it is removed from a state court."). *Lewis v. Time Inc.*, 710 F. 2d 549, 556 (9th Cir. 1983), overruled on other grounds

---

[3] This case was removed on September 9, 2009, and the state court case management conference was never held.

4

by *Unelko Corp. V. Rooney*, 912 F. 2d 1049, 1052-53 (9th Cir. 1990), (finding failure to file a jury demand within the time provided under Rule 81(c) constituted a waiver of the right to trial by jury. In doing so the Court noted "[u]nder California law, a litigant waives trial by jury by inter alia, failing to 'announce that one is required' when the trial is set.  We understand that to mean an express demand is required.");  see also, *Wave House Belmont Park, LLC v. Travelers Property Casualty Co. Of America*, 244 F.R.D. 608, 613 (SD Ca. 2007) (notwithstanding the 2002 amendments to the California Constitution pronouncing that a trial by jury is an inviolate right secured to all, "California law requires an express demand to obtain a jury trial and Plaintiff could not rely on the provision in Rule 81(c) excusing a party from filing a demand where the case is removed from a state court that does not require an express demand.")

      2.    *Discretion to Grant Untimely Jury Demand*

Plaintiff argues that the Court should permit a jury trial under Federal Rule of Civil Procedure 39(b).  In certain situations, the failure of a party to file a timely jury demand may be excused at the discretion of the court.  Federal Rule of Civil Procedure 39(b) states:

> **Trial by Jury or by the Court**
>
> **When No Demand Is Made**. Issues on which a jury is not properly demanded are to be tried by the court.  But the court, may, on motion, order a jury trial on any issue for which a jury might have been demanded.
> Fed. R. Civ. P. 39(b).

However, the Ninth Circuit has held that a judge's discretion under Rule 39(b) is "'narrow' and 'does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence.'" *Pacific Fisheries Corp v. HIH Cas. & General Ins., Ltd.,* 239 F.3d 1000, 1002 (9th Cir.  2001); *Kletzelman v. Capistrano Unified School Dist.*, 91 F.3d 68, 71  (9th Cir. 1996)*; Craig v. Atlantic Richfield  Co.*, 19 F.3d 472, 477 (9th Cir.  1994), *cert.  denied* 513 U.S. 875 (1994) (discretion is narrow and does not permit a court to grant relief where the untimely demand resulted from oversight, inadvertence or lack of familiarity with the Federal Rules).[4]  "An untimely request for a jury trial must be denied unless some cause beyond

---

[4] Courts which have taken a restrictive view of the scope of 39(b) have reasoned that the rule was not intended to serve as a device to circumvent or bypass the positive action that must be taken under Rule 38 to obtain a jury trial.

5

mere inadvertence is shown." *Pacific Fisheries*, 239 F.3d at 1002; *see also Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1086-87 (9th Cir. 2002).

Although Plaintiff argues that the Court should grant a jury trial in the absence of strong and compelling reasons to the contrary, this is not the law in this Circuit. Plaintiff has not set forth any facts indicating that this situation resulted from some cause beyond mere inadvertence. Counsel's good faith mistake of law "is no different than inadvertence or oversight." *Pacific Fisheries*, 239 F.3d . at 1003. An untimely jury demand due to a legal mistake does not broaden the district court's narrow discretion to grant the demand. *Id.*; *see also Craig v. Atlantic Richfield Co.*, 19 F.3d at 477. (recognizing that the court cannot grant relief where the untimely demand resulted from oversight, inadvertence or lack of familiarity with Federal Rules). Accordingly, Plaintiff's request for the Court to exercise its discretion under Rule 39 must be denied. Defendant's motion to strike the jury demand is therefore GRANTED.

**IV.     Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Defendant's motion to strike the jury trial is GRANTED; and
2.  The Scheduling Order issued on December 17, 2009, is amended to reflect that this case will be a Court trial (Doc. 15).

IT IS SO ORDERED.

Dated:   **July 27, 2010**            **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE